UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINION RESOURCES, INC., and VIRGINIA ELECTRIC AND POWER COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> ALSTOM GRID LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 2:15-cv-00224-MAK |

### ALSTOM GRID LLC'S MOTION TO COMPEL TWO-DAY DEPOSITION OF PLAINTIFF'S TECHNICAL EXPERT RICHARD BROWN

Defendant Alstom Grid LLC ("Alstom Grid") seeks relief pursuant to Fed. R. Civ. P. 30(d)(1) and requests that the Court order Plaintiffs Dominion Resources, Inc. and Virginia Electric and Power Company (collectively, "Dominion") to make Dominion's technical expert, Richard Brown, available for a two-day deposition. Dr. Brown's deposition is presently scheduled for Thursday, February 18, 2016. Alstom Grid files this motion to gain clarity in advance about how much deposition time Alstom Grid will have with Dr. Brown so that Alstom Grid can properly prepare for Dr. Brown's deposition. Alstom Grid respectfully submits that the second deposition day is appropriate under Rule 30(d)(1) and necessary given the complexity of the technology at issue, the substantial length of Dr. Brown's two expert reports on infringement and validity of the asserted claims of the patents-in-suit, and the breadth of the issues on which Dr. Brown opines.

A deposition is presumptively limited to one seven-hour day. However, "[t]he ***court must allow additional time*** consistent with Rule 26(b)(1) and (2) ***if needed to fairly examine the deponent*** or if the deponent, another person, or any other circumstance impedes or delays the

examination." Fed. R. Civ. P. 30(d)(1) (emphasis added). The advisory committee notes specifically contemplate that, "with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies." Given this recognition, district courts often permit more than one day of deposition when necessary to fairly examine a witness. *See*, *e.g.*, *JC Hill v. Kaiser-Francis Oil Co.*, 2012 WL 528280, at *3 (W.D. Okla. Feb. 17, 2012) (permitting 14 hours deposition of expert who recommended $120 million in damages based on years of sales information); *Peterson v. DaimlerChrysler Corp.*, 2010 WL 3064367, at *5 (D. Utah July 30, 2010) (lifting the 7-hour restriction based on the content of expert reports and large number of supporting documents); *Baker v. PPL Corp.*, 2011 WL 1811106, at *3 (M.D. Pa. May 12, 2011) (permitting 14 hours of deposition where allegations covered "many years, and involve[d] consideration of thousands of pages of written material" from a lay witness).

Dominion's technical expert, Dr. Richard Brown, submitted two expert reports. The first report regarding infringement is 98 pages long and addresses 27 asserted claims from two patents. For many of the claims, Dr. Brown includes opinions not just on literal infringement, but also on infringement under the doctrine of equivalents. Dr. Brown also bases his opinions on his review of Alstom Grid's *e-terra*distribution source code. Dr. Brown originally relied on 93 pages of source code. In Alstom Grid's technical expert's rebuttal report, he cited to an additional 46 pages of source code. This totals 139 pages of highly technical source code. Alstom will need to question Dr. Brown during his deposition on this source code. Dr. Brown also opined on how Dominion's technology allegedly practices the asserted claims, as well as on issues of induced infringement, contributory infringement, and willfulness. Alstom Grid is entitled to sufficient time to fairly explore all of these issues.

Dr. Brown also submitted a second expert report—a rebuttal report to the invalidity report from Alstom Grid's technical expert.[1] This second expert report is 136 pages long and addresses nearly a dozen prior art references, including multiple combinations of prior art references that Alstom maintains render the asserted claims obvious. It also addresses whether the asserted claims are invalid for lack of enablement and lack of written description.

The request for a two-day deposition additionally puts no undue burden on Dr. Brown's schedule. Indeed, Dominion's counsel made clear that Dr. Brown is available on the two days that Alstom seeks to depose Dr. Brown — *i.e.,* February 18 or February 19. *Adelphia Recovery Trust v. Bank of Am.*, 2009 WL 1794992, at *2-*3 (M.D. Pa. June 23, 2009) (permitting three-day deposition where two parties needed to depose a witness in a "vast and complex" case and considering there was "limited burden" to the witness).

In light of the two reports, the large volume of technical information, the complexity of the source code, the breadth of opinions offered for both infringement and validity, the drastic relief sought (an injunction against a particular feature of Alstom Grid's software), and the lack of any undue burden on Dominion or the expert, a two-day deposition of Dr. Brown is eminently reasonable under the circumstances. The situation here in fact falls squarely under the portion of the advisory committee's notes that state that, for experts, more often additional time should be allowed for the full exploration of the theories upon which the witness relies. Alstom Grid accordingly respectfully requests this Court to grant this motion ordering Dominion to make Dr. Brown available for up to fourteen hours of deposition spanning both February 18 and 19.

---

[1] Alstom's technical expert, Dr. Chika Nwankpa, also submitted two reports, one for invalidity and a rebuttal to Dr. Brown's infringement report. As a matter of fairness, Alstom has offered to have Dr. Nwanka sit for two days of deposition.

483612 v2

Dated: February 9, 2016

Respectfully submitted,

By: /s/ Joseph H. Blum
    Joseph H. Blum, Esquire
    Joanna T. Vassallo, Esquire
    SHOOK, HARDY & BACON L.L.P.
    Two Commerce Square
    2001 Market Street, Suite 3000
    Philadelphia, PA 19103
    Telephone: 215-278-2555

    Angel D. Mitchell, Esquire (*pro hac vice*)
    Colman McCarthy, Esquire (*pro hac vice*)
    Lauren Douville, Esquire (*pro hac vice*)
    SHOOK, HARDY & BACON L.L.P.
    2555 Grand Blvd.
    Kansas City, MO 64108
    Telephone: 816-474-6550

    Tanya L. Chaney, Esquire (*pro hac vice*)
    Michael W. Gray, Esquire (*pro hac vice*)
    SHOOK, HARDY & BACON L.L.P.
    600 Travis Street, Suite 3400
    Houston, TX 77002
    Telephone: 713-227-8008

    Jamie H. Kitano, Esquire (*pro hac vice*)
    SHOOK, HARDY & BACON L.L.P.
    1 Montgomery St., Suite 2700
    San Francisco, CA 94104
    Telephone: 415-544-1900

    **ATTORNEYS FOR DEFENDANT:**
    **ALSTOM GRID LLC**