UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINION RESOURCES, INC. and VIRGINIA ELECTRIC AND POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ALSTOM GRID INC.,<br><br>Defendant. | Civil Action No. 2:15-cv-00224-MAK |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL TWO-DAY DEPOSITION OF RICHARD BROWN**

**I.      Alstom's Motion to Compel a Two-Day Deposition is Premature**

Plaintiffs Dominion Resources, Inc. and Virginia Power Company ("Dominion") hereby opposes Defendant Alstom Grid Inc.'s ("Alstom") motion to compel a two-day deposition of expert Richard Brown (D.I. 114) and requests that Alstom's motion be denied.  A deposition is presumptively limited to one seven-hour day.  Fed. R. Civ. P. 30(d)(1).  However, the court must allow additional time consistent with Rule 26(b)(1)-(2) "*if needed* to fairly examine the deponent."  Fed. R. Civ. P. 30(d)(1) (emphasis added).  Advisory Committee notes further contemplate that with expert witnesses, additional time *may be needed* for full exploration of the theories upon which the witness relies.  Courts have recognized, however, that they "should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule." *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007).  *See also Somerset Studios, LLC v. Sch. Specialty, Inc.*, No. C 10-5527 MEJ, 2011 WL 4344596, at *5 (N.D. Cal. Sept. 14, 2011).

Dominion does not assert that the deposition of Dr. Brown can never last more than seven hours, only that it is premature at this point to eschew the rule for the exception. Instead of fully doubling the duration of Dr. Brown's deposition before it is known if more time will actually be necessary, "the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period." *Malec v. Trustees of Boston Coll.*, 208 F.R.D. 23, 24 (D. Mass. 2002). *See also Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*, No. 3:06-CV-232 (CFD), 2006 WL 1525970, at *3 (D. Conn. May 25, 2006).

## II.     Even if Additional Time is Needed to Fairly Examine Dr. Brown, Two Days is Likely Excessive

Alstom asserts that doubling the duration of Dr. Brown's deposition is necessary due to the length of Dr. Brown's expert reports, the number of asserted claims from two patents, and the breadth of issues addressed in the expert reports. Alstom cites to three cases where the court lifted the seven hour limitation for depositions. In the first case, the court found that the defendant would be hard pressed to complete the damages expert deposition in seven hours when "she is prepared to theorize that the class suffered in excess of $120,000,000.00 in damages, based on years of sales information." *Hill v. Kaiser-Francis Oil Co.*, No. CIV-09-07-R, 2012 WL 528280, at *3 (W.D. Okla. Feb. 17, 2012). Importantly, the defendant had already conducted five hours of the expert's deposition and only filed its motion after it became apparent that seven hours was not enough. In the second case, the court lifted the seven hour limit for both experts due to "the content of each expert's report and the relatively large number of supporting documents relied upon by each expert." *Petersen v. Daimlerchrysler Corp.*, No. 1:06-CV-108-TC-PMW, 2010 WL 3064367, at *5 (D. Utah July 30, 2010). There, the two experts relied on 661 documents and 543 documents, respectively. Much to the contrary, Dr. Brown relies on

about 162 documents combined for both expert reports. In the third case, the deposition entailed 28 years of records and thousands of documents. *Baker v. PPL Corp.*, No. 1:09-CV-428, 2011 WL 1811106, at *3 (M.D. Pa. May 12, 2011). The present case spans a much shorter time period and the deposition will involve a fraction of the documents.

Moreover, other courts have declined to double the duration of an expert deposition in the face of more complex circumstances than the present case. In *Phillip M. Adams & Associates, L.L.C. v. Fujitsu Ltd.*, No. 1:05-CV-64 TS, 2010 WL 1901775, at *1 (D. Utah May 10, 2010), the defendants sought four days (28 hours) to be split among the five defendant groups. The court instead held that the party noticing the expert deposition would be permitted three hours of examination, and the other defendant groups shall be permitted two hours. The duration for each expert deposition thus totaled eleven hours, in a case dealing with more patents than this case (5 compared with 2), more claims than this case (40 compared with 27), and more parties examining the expert than this case (5 compared with 1). Similarly, in *BMG Rights Management (US) LLC v. Cox Enterprises, Inc.*, No. 1:14-CV-1611-LO-JFA (E.D. of Va. Aug. 14, 2015), the court permitted a three-hour extension for an expert's deposition where plaintiffs were unable to address all issues in the seven-hour window. But there too, the plaintiffs exhausted their seven hours prior to involving the court.

**III.     Conclusion**

For the forgoing reasons, Dominion respectfully requests that the Court deny Alstom's motion to compel a two-day deposition of Dr. Brown. If, after seven hours, Alstom believes it has not had an opportunity to fairly examine the witness, Dominion is willing to extend the deposition on the same day, within reason. If Alstom still believes it needs more time, we invite Alstom to meet and confer at that time to discuss a further extension of time.

Dated:  February 10, 2016       By: /s/ Salvatore P. Tamburo

>John D. Simmons
>JSimmons@panitchlaw.com
>PANITCH SCHWARZE BELISARIO & NADEL LLP
>One Commerce Square
>2005 Market Street, Suite 2200
>Philadelphia, PA 19103-7013
>Tel:  (215) 965-1268
>
>Jeffrey K. Sherwood (*pro hac vice)*
>SherwoodJ@dicksteinshapiro.com
>Salvatore P. Tamburo (*pro hac vice*)
>TamburoS@dicksteinshapiro.com
>Ji Young Park (*pro hac vice*)
>ParkJ@dicksteinshapiro.com
>Daniel G. Cardy (*pro hac vice*)
>CardyD@dicksteinshapiro.com
>DICKSTEIN SHAPIRO LLP
>1825 Eye Street, NW
>Washington, DC 20006-5403
>Tel:  (202) 420-2200
>
>Attorneys for Plaintiffs
>Dominion Resources, Inc., and
>Virginia Electric and Power Company

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>/s/ Salvatore P. Tamburo
>Salvatore P. Tamburo