UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINION RESOURCES, INC. and VIRGINIA ELECTRIC AND POWER COMPANY,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALSTOM GRID LLC,<br><br>        Defendant. | Civil Action No. 2:15-cv-00224-MAK<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE UNTIMELY EXPERT REPORT OF DR. CHIKA NWANKPA**

**TABLE OF CONTENTS**

I. INTRODUCTION AND FACTUAL BACKGROUND ...................................................... 1

II. THE "SUPPLEMENTAL" INVALIDITY REPORT SHOULD BE STRICKEN ............. 3

 A. Legal Standard for Supplementing and Striking Expert Reports ............................ 3

 B. Dr. Nwankpa's Untimely Opinion Does Not Meet the Legal Standard for Supplementing Under Rule 26(e) ............................................................................. 4

 C. Dr. Nwankpa's Failure to Include the Richeson-based Invalidity Opinions in his Original Report Was Neither "Substantially Justified" Nor "Harmless." ........................................................................................................... 5

I.      INTRODUCTION AND FACTUAL BACKGROUND

Dominion moves to strike the "Supplemental Expert Invalidity Report of Dr. Chika Nwankpa," which was served on Friday, February 5th.  Ex. 1.  Alstom has the burden to prove, by clear and convincing evidence, that Dominion's patents are invalid.  According to the scheduling order, Alstom's expert report on invalidity was due December 22, 2015.  D.I. 34 ¶ 7.  On that date, Alstom served an invalidity expert report that relies on eleven (11) different prior art references and makes twenty-two (22) separate arguments for invalidity under 35 U.S.C. §§ 102-103.  Ex. 2 at ¶ 156-157.  Dominion's expert, Dr. Brown, responded to those opinions in his rebuttal report, which was served January 22, 2016

Dr. Brown's rebuttal explained why none of the prior art references, taken alone or in combination, discloses the invention.  Dr. Brown also explained that Alstom's expert failed to identify a sufficient reason why a person of ordinary skill in the art would have combined the prior art references; a necessary element to prove obviousness.

Apparently unhappy with the state of its invalidity case after Dr. Brown's rebuttal, Alstom, without any notice to Dominion or the Court, and after the parties already scheduled expert depositions, served a "supplemental expert invalidity report."  The supplement was served 6-1/2 weeks after the initial report.  It is also not a "supplement" under FRCP 26.  Rather, it is an attempt to issue a new expert report introducing four completely new invalidity arguments, each of which is based on a brand new prior art reference never before identified in this case by Alstom—U.S. Patent 7,860,672 ("Richeson").[1]  In addition to adding a new prior art reference after Dr. Brown explained the deficiencies of the old ones, Dr. Nwankpa dedicated 12 full paragraphs to the topic of motivation to combine.  This new approach is clearly in response to

---

[1] Despite Dominion asking Alstom to identify its contentions, Alstom never disclosed Richeson. Indeed, Richeson has never been produced in this case.

Dr. Brown's criticism that Alstom's expert failed to identify a sufficient motivation to combine references in his original report.

In obvious anticipation of an objection, Alstom attempts to blame Dominion for its late expert report. According to Dr. Nwankpa, the supplemental report is necessary because Dominion's expert, Dr. Brown, cited to Mr. Mark Munday's deposition testimony in his rebuttal report while discussing why the LaPlace reference ("LaPlace") does not disclose what Dr. Nwankpa alleged. Ex. 3 at ¶ 2-3.

In his rebuttal, Dr. Brown pointed out, among other things, that LaPlace is missing key elements of the asserted claims and does not invalidate the patents. Ex. 4 at .23-28. Dr. Brown also noted that Mr. Munday agrees with him. *Id.* ¶ 72. Mr. Munday is the former CEO of the company (Elster) that published LaPlace. Mr. Munday testified that LaPlace is missing certain elements and that the ideas expressed in LaPlace came from Dominion and not Elster. Mr. Munday knows this because he attended the meetings where Elster learned those ideas from Dominion.

None of this is a surprise to Alstom. Alstom attended the deposition of Mr. Munday on November 30, 2015 and questioned him on this same subject. Thus, Alstom knew that Mr. Munday had contradicted Dr. Nwankpa's opinion regarding the contents of LaPlace more than three weeks before Dr. Nwankpa disclosed his opinion. Alstom could have addressed the contradiction in Dr. Nwankpa's initial report, but it did not. Its failure to do so in December does not justify adding multiple new invalidity positions based on a new prior art reference to the case now.[2]

---

[2] Richeson cannot shed any light on the contents of LaPlace. LaPlace was authored by LaPlace and Uluski. The Richeson patent has four inventors, none of which are LaPlace or Uluski. Nor does Richeson mention LaPlace (or vice versa).

2

Dr. Nwakpa also asserts that his new Richeson-based opinions are justified because of "Dominion's failure to correctly identify a priority date for its patents until very late in discovery." Ex. 3 ¶ 3. This is also not credible. First, Dominion never failed to correctly identify the priority date of the patents. Alstom asked about the priority date only once during discovery. Ex. 5 (Interrogatory No. 25 served October 26, 2015). And Dominion responded to that interrogatory when due on November 30, 2015. Ex. 6. The priority date never changed. Thus, if Dominion responded "very late in discovery" it was only because Alstom asked "very late in discovery."[3]

Notably, the priority date on the Richeson patent is June 17, 2008, *which is earlier than other prior art references that Alstom relied on throughout this case.* Ex. 7 (June 8, 2015 interrogatory response identifying Deaver (from Jan. 2009) and Keefe (from October 2008) as prior art). There is no reason Alstom could not have recognized a patent from June 2008 as prior art when it was already relying upon other patents dated after this time as prior art. Thus, it is simply not credible for Alstom to assert now that it did not know whether the Richeson patent was prior art. Alstom had every opportunity to identify the Richeson patent during fact discovery and to rely upon it in Dr. Nwankpa's original report, just as it did with other references.

## II.   THE "SUPPLEMENTAL" INVALIDITY REPORT SHOULD BE STRICKEN

### A.   Legal Standard for Supplementing and Striking Expert Reports

Rule 26(e) supplements are "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *In re Asbestos Products Liability Litigation (No. VI)*, 289 F.R.D. 424, 425 (E.D. Pa. 2013) (quoting *Sancom,*

---

[3] Alstom attempts to confuse this issue both here and in its motion to stay by citing conception and reduction to practice dates. Conception and reduction to practice are different from priority dates, as Alstom acknowledged by its serving two different interrogatories.

3

*Inc. v. Qwest Comm. Corp.*, 683 F.Supp.2d 1043, 1062–63 (D.S.D.2010)). "Rule 26(e) is not an avenue to correct 'failures of omission because the expert did an inadequate or incomplete preparation,' 'add new opinions,' or 'deepen' or 'strengthen' existing opinions." *Id.* (quoting several cases).

Rule 37(c)(1) is used to address a party's failure to disclose opinions in its original expert report. *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC.*, 2012 WL 5845562 at *1-2 (M.D. Pa. Nov. 19, 2012) (striking supplemental expert report that introduced a new invalidity defense by relying on new prior art). Where a party fails to provide information in its original expert report, "the court may sanction that party, typically by prohibiting it from relying on the undisclosed information…, 'unless the failure was substantially justified or is harmless.'" *Id.* (quoting FRCP 37(c)(1)). The party who failed to timely disclose its expert's opinions shoulders the burden of providing substantial justification or harmlessness. *McDaniel v. Kidde Residential*, 2015 WL 6736811, *5 (W.D. Pa Nov. 3, 2015). Attempts to blame a party that does not bear the burden of proof are typically rejected as justifications. *Lewis v. Lycoming*, 2015 WL 3444220, *4 (E.D. Pa. May 29, 2015).[4]

### B. Dr. Nwankpa's Untimely Opinion Does Not Meet the Legal Standard for Supplementing Under Rule 26(e)

As explained above, supplementing an expert report is permitted only under very narrow circumstances: i) correcting inaccuracies or ii) adding information that was not available at the time of the initial report. Dr. Nwankpa does not allege that he is correcting any inaccuracies in

---

[4] In applying Rule 37(c)(1) courts typically list four factors that were identified in an early third circuit case, *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977). Courts typically address the factors inherently when applying the "substantially justified or harmless" standard of Rule 37(c)(1). *See, Kimberly-Clark Worldwide, Inc.*, 2012 WL 5845562 at *1-2 (recognizing factors and striking supplemental expert report based on explicit determinations of lack of both substantial justification and harmlessness); *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463-464 (D. Del 2005) (recognizing factors and striking supplemental expert report based on explicit determination of lack substantial justification and prejudice).

his initial report. Dr. Nwankpa does, however, imply that the Richeson patent was not available at the time of his initial report due to Dominion's alleged "failure to identify a priority date for its patents until very late in discovery." This argument is discredited above. Dominion identified its priority date when it was due. And because Alstom and Dr. Nwankpa rely on prior art dated later than the Richeson patent (as well as prior art dated earlier than the Richeson patent), they cannot now claim the Richeson patent was not available as prior art throughout this case. For these reasons, Alstom cannot show that its "supplement" falls within one of the narrow purposes permitted by Rule 26(e).

Making matters worse for Alstom, its supplement falls squarely within the circumstances when a supplement is *not* permitted. Although Alstom apparently prefers to rely on the Richeson patent now, it did not do so during discovery or in its initial report. "Rule 26(e) is not an avenue to correct 'failures of omission because the expert did an inadequate or incomplete preparation,' 'add new opinions,' or 'deepen' or 'strengthen' existing opinions." *Asbestos Litigation*, 289 F.R.D. at 425 (quoting multiple cases). Here, Dr. Nwankpa's supplement includes a completely new opinion regarding the disclosure of a brand new prior art reference (Richeson), four new opinions regarding the result of combining Richeson with other prior art, and twelve paragraphs of new opinions regarding the alleged motivation to combine Richeson with other prior art. Each of these is precisely what a supplement *cannot* do.

### C. Dr. Nwankpa's Failure to Include the Richeson-based Invalidity Opinions in his Original Report Was Neither "Substantially Justified" Nor "Harmless."

In *Kimberly-Clark*, just as in this case, the plaintiff's rebuttal report exposed serious deficiencies in the defendant's invalidity case. *Kimberly-Clark*, 2012 WL 5845562 at *1. And just as in this case, the defendant responded by serving a "supplemental" invalidity report presenting new invalidity arguments based on new prior art. *Id.* *1-2. Like here, the defendant

5

blamed the patentee in an attempt to justify the new opinions. The defendant argued that the patentee changed its reduction to practice dates in its expert's rebuttal report. *Id.* at *2. As is the case here, the allegedly changed dates did not affect whether the reference was prior art. *Id.* As shown above, Richeson is prior art regardless of which date is used. The *Kimberly-Clark* court rejected the defendant's attempt to characterize the plaintiff's expert as relying on new information, finding instead that he was relying on information that was "all produced during fact discovery." *Id.* at *3. The court thus found that the defendant could not "substantially justify the introduction of an entirely new invalidity defense." *Id.* at *3. The same is true here. Contrary to the implication in Dr. Nwankpa's supplement, Dr. Brown's rebuttal relied only on evidence already in the case and known to all parties.

The *Kimberly-Clark* court further found that raising a new invalidity defense in a supplemental expert report is not "harmless." To the contrary, because the plaintiff "had no reason to consider whether [the new reference] would invalidate" at the time when information was required to be exchanged, the supplement would have "substantially prejudice[d]" the plaintiff. Based on this reasoning, the supplement was excluded. *Id.*

Just like the defendant in *Kimberly-Clark*, Alstom could have used the Richeson patent to allege invalidity at any time during this case. But it did not. Alstom cannot justify failing to introduce its new invalidity positions, which it never identified during fact discovery, in its expert report. Other courts have also struck "supplemental" expert reports that add new theories of invalidity. *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463-464 (D. Del 2005).

There are additional prejudices in this case. Dr. Brown would be forced to prepare another rebuttal report responding to Dr. Nwankpa's new opinions at a time when Dominion should be preparing (with Dr. Brown's assistance) to take Dr. Nwankpa's deposition and drafting

summary judgment and Daubert motions.[5]  Alstom has also made clear it intends to depose Dr. Brown again regarding any rebuttal report he prepares.  Ex. 8.  This case is scheduled for trial in four months, on June 16, with summary judgment and Daubert motions currently scheduled for March 16.  Extending the expert depositions later into the schedule would likely require pushing back both summary judgment and Daubert motions, which would likely necessitate moving the trial.  A delay in trial is unacceptable to Dominion.  Every day this case is pending Dominion is severely prejudiced because Alstom is competing against Dominion for sales from the same utility customers.  In doing so, Alstom misrepresents to those utility customers (in its responses to RFPs) that it can provide Dominion's patented technology to them.  If Alstom is permitted to continue infringing, it will likely mean Dominion's commercial subsidiary (DVI) will be forced to go out of business.[6]

Lastly, as mentioned above, Alstom served its supplement without seeking leave from the Court.  Where, as here, the deadline for providing expert reports is set by a scheduling order, courts may additionally review a party's failure to timely disclose an expert opinion under FRCP 16(b)(4), which requires good cause and the judge's consent before adjusting the date on which an expert's opinions are disclosed.  *McDaniel v. Kidde Residential,* 2015 WL 6736811, *2 (W.D. Pa. Nov. 3, 2015).  This is yet another reason to strike the supplement.

---

[5] Dr. Nwankpa's deposition would also likely need to be postponed until Dr. Brown, and counsel for Dominion, had sufficient time to analyze the new opinions.

[6] DVI (Dominion Voltage, Inc.) is the commercial Dominion entity making and selling a commercial product covered by the patents.

Dated: February 16, 2016          By:  /s/ Salvatore P. Tamburo
                                       John D. Simmons
                                       JSimmons@panitchlaw.com
                                       PANITCH SCHWARZE BELISARIO &
                                       NADEL LLP
                                       One Commerce Square
                                       2005 Market Street, Suite 2200
                                       Philadelphia, PA 19103-7013
                                       Tel:  (215) 965-1268

                                       Jeffrey K. Sherwood (pro hac vice)
                                       JSherwood@BlankRome.com
                                       Salvatore P. Tamburo (pro hac vice)
                                       STamburo@BlankRome.com
                                       Ji Young Park (pro hac vice)
                                       JPark@BlankRome.com
                                       Daniel G. Cardy (pro hac vice)
                                       DCardy@BlankRome.com
                                       Blank Rome LLP
                                       1825 Eye Street, NW
                                       Washington, DC 20006-5403
                                       Tel:  (202) 420-2200

                                       Attorneys for Plaintiffs
                                       Dominion Resources, Inc., and
                                       Virginia Electric and Power Company

## LOCAL RULE 26.1(f) CERTIFICATION

Prior to filing this motion, counsel for the parties met and conferred on February 9, 2016 in an effort to see whether Alstom was willing to withdraw the supplement.  During the call, Alstom confirmed that the Richeson patent is included in Dr. Nwankpa's supplemental report, but is not included in his original report.  When asked to confirm that the Richeson patent could have been included in Dr. Nwankpa's initial report, Alstom disagreed stating that the priority dates provided by Dominion would have precluded the Richeson patent from being prior art.  Alstom was citing conception dates, not priority dates during the meet and confer.  But its recollection of even those dates was in error.  Dominion informed Alstom that none of the conception dates, even if they were priority dates, would have kept Richeson from being prior art.  But Alstom nonetheless insisted it was not willing to withdraw the supplement.

The parties also discussed the likely impact of the supplemental report on the schedule.  For example, Dr. Brown's deposition is currently scheduled for February 18.  When Dominion brought up the likelihood that the time for expert depositions would need to be extended in light of the supplemental report, Alstom proposed that might not be necessary as it might be willing to go forward with Dr. Brown's deposition on February 18 and that it would not seek to re-depose him regarding any rebuttal report he prepares after his deposition.  Most recently, Alstom reversed course and confirmed that it is reserves its right to re-depose Dr. Brown regarding any rebuttal he prepares.

## CERTIFICATE OF SERVICE

    I hereby certify that on February 16, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                            By:  /s/ Salvatore P. Tamburo

                                                      Salvatore P. Tamburo